UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MIKE HOOKS DREDGING CO., INC. | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 08-3945 |
| ECKSTEIN MARINE SERVICE, INC., ET AL. | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is defendants' Memco Barge Line, LLC (hereinafter "Memco") and Ingram Barge Company's Motion for Summary Judgment. (Rec. Doc. 28.). Plaintiff opposes. (Rec. Doc. 44.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by parties, the record in this case and the relevant law, the Court grants summary judgment for the following reasons.

## I. BACKGROUND

Plaintiff alleges that the M/V PAT MCDANIEL "flotilla (consisting of a tug and six barges)" collided with the "dredge MIKE HOOKS, its tender vessel NICHOLAS and related equipment." (Rec. Doc. 44.) The M/V PAT MCDANIEL tug is allegedly owned by defendant Eckstein Marine Service, Inc. (Rec. Doc. 28.) Defendants Memco and Ingram Barge own the six barges being towed by the M/V PAT MCDANIEL. (Rec. Doc. 28.)

Defendants Memco and Ingram Barge argue that plaintiff fails to allege any independent and specific negligence against them, as owners of the six barges. (Rec. Doc. 28.) Plaintiff claims that additional discovery is needed to ascertain the barge owners' liability. (Rec. Doc. 44.)

## II. LAW AND ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

The Fifth Circuit has noted "[i]t is well-settled that a tow is not liable for the acts of the tug."

*In re Central Gulf Lines, Inc.*, 2003 WL 1202793, 10(5th Cir. 2003)(unpublished).

> When damage is caused by a casualty involving the tow or by the whole flotilla, the courts employ the concept of "dominant mind" to place liability on the tug and to absolve the tow from liability. This doctrine holds that only that vessel is liable whose people are actually in control of the operation, even though the whole flotilla causes the damage. T. Schoenbaum, Admirality and Maritime Law § 12-7, at 258 (West 3d ed. 2001) (internal citations omitted).

*Id.* Plaintiff's complaint does not allege any specific independent acts of negligence by the barges. Rather, plaintiff alleges that all of the defendants, including both the tug and the barges, were negligent in

> A. Failing to follow notices to mariners;
> B. Failing to exercise proper seamanship;
> C. Failing to exercise control of its tow;
> D. Failing to properly navigate;
> E. Failing to utilize good seamanship;
> F. Failing to train its crew;
> G. Under powering the vessel for the tow; and
> H. Other acts of negligence that may be shown at trial.

(Rec. Doc. 1 at 4.) These acts, under the "dominant mind" theory of liability, may not be attributed to the barges being towed.

Plaintiff argues that he requires additional discovery to determine the basis for defendant barge owners' liability. In light of plaintiff's failure to allege independent acts of negligence by the barge owners, this argument is not persuasive. In addition, in the several months that this motion has been pending, plaintiff has failed to supplement the record to indicate any genuine issue of material fact.

### III.   CONCLUSION

Accordingly,

IT IS ORDERED that defendants' Memco Barge Line, LLC and Ingram Barge Company's Motion for Summary Judgment (Rec. Doc. 28) is hereby GRANTED and plaintiff's claims against defendants Memco Barge Line, LLC and Ingram Barge Company are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 29th day of June, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**