**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MIKE HOOKS DREDGING CO., INC. | CIVIL ACTION |
| VERSUS | NO. 2:08-cv-03945-HB-SS |
| ECKSTEIN MARINE SERVICE, INC., *in personam,* M/V PAT MCDANIEL, *in rem,* MEMCO BARGE LINE, LLC, *in personam,* INGRAM BARGE COMPANY, *in personam,* BARGE SARAH E 203, *in rem,* BARGE LTD 113B, *in rem,* BARGE IB 1010, *in rem,* BARGE IB 981, *in rem,* BARGE MEM 2160, *in rem,* and BARGE MBL 971, *in rem* | JUDGE HELEN G. BERRIGAN<br>MAGISTRATE SALLY SHUSHAN |

**ANSWER TO THIRD PARTY DEMAND**

NOW INTO COURT, through undersigned counsel, comes Third Party Defendant, Longman's Marine Service, Inc., ("Longman"), who for answer to the Third Party Demand of Eckstein Marine Service, Inc., ("Eckstein"), avers as follows:

FIRST DEFENSE

Eckstein's Third Party Demand fails to state a claim upon which relief can be granted.

ANSWER

And now, Longman, denying all liability or fault, responds to the specific allegations in Eckstein's Third Party Demand as follows:

I.

The allegations of paragraph I in Eckstein's Third Party Demand involve legal conclusions not requiring an answer, however, to the extent that an answer is required, they are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of paragraph II in Eckstein's Third Party Demand are denied, in part because Longman's Marine Service, Inc. is not the owner and/or operator of the M/V CAPT. N. TOMMY JR., and, as to the remaining allegations in paragraph II, for lack of sufficient information to justify a belief therein.

III.

The allegations of paragraph III of Eckstein's Third Party Demand are admitted.

IV.

The allegations of paragraph IV of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of paragraph V of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of paragraph VI of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of paragraph VII of Eckstein's Third Party Demand are denied.

VIII.

The allegations of paragraph VIII of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of paragraph IX of Eckstein's Third Party Demand are denied.

X.

The allegations of paragraph X of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of paragraph XI of Eckstein's Third Party Demand are denied.

XII.

The allegations of paragraph XII of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of paragraph XIII of Eckstein's Third Party Demand are denied.

XIV.

The allegations of paragraph XIV of Eckstein's Third Party Demand are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of paragraph XV of Eckstein's Third Party Demand are denied.

XVI.

The allegations of paragraph XVI of Eckstein's Third Party Demand, including subparts A through G, are denied.

XVII.

The allegations of paragraph XVII of Eckstein's Third Party Demand are denied.

XVIII.

The allegations of paragraph XVIII of Eckstein's Third Party Demand are denied.

XIX.

The allegations of paragraph XIX of Eckstein's Third Party Demand are denied.

XX.

The allegations of paragraph XX of Eckstein's Third Party Demand are denied.

XXI.

The allegations of paragraph XXI of Eckstein's Third Party Demand are denied.

XXII.

The allegations, if any, included in paragraph XXII of Eckstein's Third Party Demand, the prayer of Eckstein are denied.

SECOND DEFENSE

Longman's Marine Service, Inc. is a boat broker and was not the owner of the picket boat, CAPT. N. TOMMY JR., therefore, any damages allegedly sustained by Eckstein were caused or contributed to by the actions of individuals for whom Longman's has no responsibility for in law or in fact.

THIRD DEFENSE

Longman's avers that neither it nor any of its employees, agents, or other representatives or anyone for whom they are responsible were negligent or guilty of any acts or omissions or breaches of duty as alleged by Eckstein and/or that any alleged negligence which is denied, was not a cause of the damage of which Eckstein complains.

FOURTH DEFENSE

In the event that this Court finds that a picket boat and/or the M/V CAPT. N. TOMMY JR. was in any way negligent in causing or contributing to the collisions of May 31, 2008 which are the subject of this lawsuit, which is denied, Eckstein's was not the owner or operator of the picket boat, allegedly the CAPT. N. TOMMY JR., and, as such, is an improper defendant and should be dismissed from this lawsuit.

FIFTH DEFENSE

Alternatively, and only in the event that this Court should determine that Longman's Marine Service, Inc. is a proper defendant in this matter, which is denied, Longman's pleads the contributory negligence, comparative fault or breach of duty of Eckstein Marine Service, Inc., Mike Hooks Dredging Co., Inc., C&J Marine Service, Inc., the M/V PAT MCDANIEL, the M/V SARAH D., the dredge MIKE HOOKS and tender NICHOLAS, as a bar to and/or mitigating factor to be taken into account to reduce/eliminate plaintiff's and third party plaintiff's recovery herein.

SIXTH DEFENSE

Mike Hooks Dredging Co., Inc. failed to properly mitigate its damages as required by law.

SEVENTH DEFENSE

Longman's Marine Service, Inc. reserves the right to plead additional affirmative defenses should they be revealed by any discovery in this case.

WHEREFORE, Third Party Defendant, Longman's Marine Service, Inc., prays that its Answer be deemed good and sufficient and that after due proceedings are held, this Honorable Court enter judgment in favor of Longman's Marine Service, Inc. and against Eckstein Marine Services, Inc., dismissing Eckstein's Third Party Demand with prejudice at Eckstein's sole cost and for all general and equitable relief to which it may be entitled.

Respectfully submitted,

*/s/ Jefferson R. Tillery*

JEFFERSON R. TILLERY (17381)
C. BARRETT RICE ( 30034)
Jones, Walker, Waechter, Poitevent
Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
E-Mail: jtillery@joneswalker.com
Attorneys for Longman's Marine Service, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by electronic filing (ECF) and/or by depositing a copy of same in the U. S. mail, postage prepaid and properly addressed this 23rd day of November, 2009.

*/s/ Jefferson R. Tillery*