UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIKE HOOKS DREDGING CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3945** |
| **ECKSTEIN MARINE SERVICE, INC. ET AL** | **SECTION: "C" (1)** |

### ORDER AND REASONS

Before the Court is a Motion to Disqualify Third Party Defendant's Counsel by plaintiff Mike Hooks Dredging Company, Inc. ("Mike Hooks"). (Rec. Doc. 97). The motion is before the Court on the briefs without oral argument. Having considered the memoranda of parties and the relevant case law, the Court DENIES the motion for the following reasons.

**I. Background**

Mike Hooks moves for the disqualification of his former counsel, Laurence DeBuys, IV ("DeBuys"). DeBuys was an attorney with the firm representing Mike Hooks: Reich, Album & Plunkett, L.L.C. ("Reich, Album & Plunkett"). DeBuys was enrolled as an attorney in the instant litigation from September 30, 2008, until November 9, 2009. (Rec. Docs. 6, 70).

DeBuys left employment with Reich, Album & Plunkett and moved to Texas.[1] Since relocating he has provided services to Harris & Rufty, LLC, ("Harris & Rufty") the firm representing third party defendant Tommie Vizier Towing Company, Inc. ("Tommie Vizier").

---

[1] DeBuys indicated in a Declaration that he changed employment due to a combination of the loss of his wife to cancer, the need to support his children, and an "intolerable work environment." (Rec. Doc. 103-1 at 1).

Mike Hooks moves to disqualify Harris & Rufty from representing Tommie Vizier on these grounds. Tommie Vizier counters that the employment relationship between DeBuys and Harris & Rufty is too inconsequential to merit disqualification under the Louisiana Rules of Professional Conduct.

**II. Law and Analysis**

Per the Local Rules for the Eastern District of Louisiana, this Court has adopted the Rules of Professional Conduct of the Louisiana State Bar Association. LR 83.2.4 E&M.

The relevant provisions of those Rules provide:

Rule 1.9. Duties to Former Clients
(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
    (1) whose interests are materially adverse to that person; and
    (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
    (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
    (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Rule 1.10. Imputation of Conflicts of Interest: General Rule
(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

> (b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
> > (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
> > (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.
>
> (c) A disqualification prescribed by this rule may be waived by the affected client under the conditions stated in Rule 1.7.
>
> (d) The disqualification of lawyers associated in a firm with former or current government lawyers is governed by Rule 1.11.

In applying these rules, the Fifth Circuit has established a two prong "substantial relationship" test that requires the party seeking to disqualify opposing counsel to establish 1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and 2) a substantial relationship between the subject matter of the former and present representations. *In re American Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993). Inherent in the substantial relationship test is a fundamental concern with protecting the client's interest in the loyalty of his attorney. *Id.* at 616. "Once it is established that the prior matters are substantially related to the present case, 'the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation." *Id.* (quoting *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir. 1981).

Neither prong of the *American Airlines* test can be disputed: DeBuys served as Mike Hooks's counsel in the instant litigation. Rather, at issue is whether the law quoted above and cited by Mike Hooks applies in the instant situation, since DeBuys is not "associated" with Harris & Rufty, but instead performed what Tommie Vizier describes as three instances of "occasional and sporadic Texas-based representation." (Rec. Doc. 103 at 2). Thus, Tommie

3

Vizier challenges the application of Rule 1.10, arguing that DeBuys's disqualification should not be imputed to Harris & Rufty because they are not "associated in a firm" as required by the Rule.

Few cases address facts such as these. In *Midboe v. Commission on Ethics for Public Employees*, 646 So.2d 351 (La. 1994), the Louisiana Supreme Court discussed whether an attorney who had been the Secretary of the Louisiana Department of Environmental Quality ("DEQ") could, after he left his government post, associate with law firms that had business before the DEQ that arose during his tenure. *Id.* at 354. The Commission on Ethics for Public Employees held that he could not be an "officer, director, trustee, partner, or employee" of such a firm, but could be an "independent contractor" as defined in *Hickman v. Southern Pacific Transport Co.*, 262 So.2d 385 (La. 1972). The *Midboe* decision largely centered on the application of Rule 1.11, which is specific to public employees. *Id.* at 357. However, the relevant provision of 1.11 is substantially similar to 1.10: both apply to lawyers who are disqualified under Rule 1.9 and then "associate[]" with a new firm.

Similarly, in *Gray v. Memorial Medical Center, Inc.*, 855 F.Supp. 377 (S.D. Ga. 1994), the court discussed the contours of American Bar Association Model Rule of Professional Conduct 1.10, which closely mirrors Louisiana's Rule 1.10. The court found that "to impute disqualification between an 'of counsel' attorney and a firm, the attorney should be 'more than a *de minimus* of counsel, an independent contractor working part time for the firm. Rather, the attorney should maintain an 'active and very close relationship with the firm.'" *Id.* at 379 (internal citations omitted).

The Court holds that language of Rule 1.10 makes clear that not all business transactions between lawyers lead to an association that necessarily imputes a conflict of interest under the

4

Louisiana Rules of Professional Conduct. Whether or not the relationship suffices will be a fact specific inquiry. *See id.* However, meeting the *Hickman* independent contractor test referenced in *Midboe* is strong evidence that no firm association existed. In *Hickman* the Supreme Court of Louisiana held that:

> the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. The relationship presupposes a contract between the parties, the independent nature of the contractor's business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.

262 So.2d at 117. In this case, Tommie Vizier avers that "DeBuys was contracted to, though his own methods, obtain *pro hac vice* status for the Harris & Rufty law firm for litigation pending in Texas." (Rec. Doc. 103 at 5-6). They further note that he "is not currently on the Harris & Rufty payroll, and only received compensation specifically based upon the work he did in each of three instances where his services were needed to obtain Texas-local counsel." (Rec. Doc. 103 at 6). His work was also not at-will, but rather he had a specific amount of time to complete each task. (Rec. Doc. 103 at 6). The Court finds that DeBuys's work meets the *Hickman* independent contractor test in this case, and that his work for Harris & Rufty does not impute a conflict of interest to that firm.

Accordingly,

IT IS ORDERED that Mike Hooks's Motion to Disqualify (Rec. Doc. 97) is DENIED.

New Orleans, Louisiana, this 5th day of August, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**