UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIKE HOOKS DREDGING CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3945** |
| **ECKSTEIN MARINE SERVICE, INC. ET AL** | **SECTION: "C" (1)** |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment by third party defendant Longman's Marine Service, Inc. ("Longman's"). (Rec. Doc. 111). The motion is before the Court on the briefs without oral argument. Having reviewed the record, memoranda of counsel, and the law, the Court DENIES the motion for the following reasons.

**I. Background**

This dispute arises from a series of collisions that occurred on May 31, 2008. (Rec. Doc. 115 at 7). The following facts, taken from the briefing of Longman's and third party plaintiff Eckstein Marine Service, Inc., ("Eckstein")[1] provide the relevant background.

Mike Hooks Dredging ("Mike Hooks") entered into a contract with the United States Army Corps of Engineers to provide dredging services. (Rec. Doc. 111-2 at 2). The contract required Mike Hooks to provide a picket boat to assist passing boats. (Rec. Doc. 111-2 at 2).

Mike Hooks asked Longman's to locate such a picket boat. (Rec. Doc. 115 at 3). Longman's, in turn, referred the request to Rentrop Tugs, which, according to Longman's, then referred the request to United Tugs, which referred the request to Tommie Vizier Towing Company.

---

[1] Now known as Marquette Transportation Gulf-Inland, LLC.

Tommie Vizier Towing ultimately supplied the picket boat, the M/V CAPTAIN TOMMIE JR. (Rec. Doc. 111-2 at 3).

The M/V CAPTAIN TOMMIE JR. is blamed by various parties, including Eckstein, for failing to assist vessels in passing the dredge, and therefore contributing to the collisions mentioned above.  (Rec. Doc. 115 at 3).

Longman's brings the instant motion arguing that, given its limited role in securing the offending vessel, it should be dismissed from this litigation.

## II.  Law and Analysis

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine

issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

Longman's argues that the three claims against it–negligence, breach of contract, and breach of warranty of workmanlike performance–can each be dismissed at summary judgment. (Rec. Doc. 111-2 at 4). It argues primarily that it had no contractual relationship or obligation to any other parties or vessels involved in the accident, and simply served as a pass-through broker.

Longman's argument regarding the negligence claims is that because it did not own or operate the M/V CAPTAIN TOMMIE JR. or have a contract with it or its owners, it cannot have owed a duty to Eckstein. (Rec. Doc. 111-2 at 4-5). Similarly, the breach of contract argument is that because Longman's is not mentioned in the contract between Mike Hooks and the Army Corps, it cannot have breached that contract. (Rec. Doc. 111-2 at 5-6). Finally, Longman's argues that because it did own or operate the M/V CAPTAIN TOMMIE, JR., it cannot have made a warranty of workmanlike performance. (Rec. Doc. 111-2 at 6).

Eckstein opposes Longman's motion, arguing that a genuine issue of material fact exists as to whether Longman's was a broker or a charterer. (Rec. Doc. 115 at 3). It argues that an email sent by Longman's related to the litigation admitted that Longman's took part in a "back-to-back" charter of the M/V CAPTAIN TOMMIE, JR.[2] (Rec. Doc. 115 at 3). Indeed, they claim that Longman's

---

[2] The relevant section of the email reads: "I have been advised that United owned the M/V CAPT. N TOMMY JR., and chartered it to Rentrop, who did a back-to-back charter of the vessel to Longman, who did a back-to-back charter to Mike Hooks. Jarrod Longman advised that the Rentrop to Longman charter was verbal." (Rec. Doc. 115-2 at 1).

admitted in an email to entering into a "verbal charter contract" with another charterer.  (Rec. Doc. 115 at 3).

Longman's disputes the admissibility of those emails, arguing that they are unauthenticated and hearsay and therefore are not sufficient to create a genuine issue of material fact.  (Rec. Doc. 116-2 at 2-3).  Further, they note that the author of the emails at issue, Christopher Carey ("Carey"), is not listed as counsel for Longman's, and they therefore argue that he was not acting in a representative capacity for Longman's when he wrote the emails.  (Rec. Doc. 116-2 at 2).  In a footnote to that brief, they indicate that Carey "was hired by Longman's underwriter, Great American Insurance, to provide a coverage option to Great American."  (Rec. Doc. 116-2 at 2 n.2).

In their reply, Eckstein suggests that the emails are non-hearsay admissions of a party opponent under Federal Rule of Evidence 801(d)(2)(A) or 801(d)(2)(D) as statements made by an authorized party, but Eckstein fails to explain the basis for Carey's alleged representation of Longman's.  (Rec. Doc. 119-3 at 3).  Without more information about Carey, the Court cannot find that the emails in their entireties are admissible under Rule 801(d)(2)(D).

However, as the Supreme Court clearly stated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), "[w]e do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses." Therefore it is unnecessary at this stage for the Court determine whether the emails in their entireties are admissible under Rule 801 or any other rule.

If Longman's acted as a charterer in this instance, it is potentially liable to Mike Hooks or

Eckstein. "[A] time charterer owes a hybrid . . . duty arising from contract and tort, to persons with whom it has no contractual relationship . . . to avoid negligent action within the sphere of activity over which it exercises at least partial control." *Hogden v. Forest Oil Corp.*, 87 F.3d 1512, 1520 (5th Cir. 1996). Should the evidence prove that Longman's acted as a charterer, it is possible that it exercised "at least partial control" over the M/V CAPTAIN TOMMIE, JR. On account of this possibility, summary judgment is denied.

In addition, Eckstein argues that Longman's provided an implied warranty of workmanlike performance under *Messing v. Ocean Repair Service Co.*, 1994 AMC 402 (S.D.N.Y.). (Rec. Doc. 115 at 10). That court noted the Supreme Court's jurisprudence that has "recognized an implied warranty of workmanlike performance in favor of the vessel *in rem* and the vessel owner, even though neither party was in privity with the contractor." *Id.* citing *Crumady v. J.H. Fisser*, 358 U.S. 423, 428 (1958). Longman's responds that even if Eckstein can establish that it is a third party beneficiary, it has failed to establish Longman's liability. (Rec. Doc. 116-2 at 5). Determination of liability on this question is linked to the contract liability discussed above. Because the Court has already determined that summary judgment is inappropriate as to the contract question, it declines to rule on the question of the warranty of workmanlike performance.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment (Rec. Doc. 111) is DENIED.

New Orleans, Louisiana, this 27th day of September, 2010.

                                              **HELEN G. BERRIGAN**
                                              **UNITED STATES DISTRICT JUDGE**