UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MIKE HOOKS DREDGING CO., INC.**                       **CIVIL ACTION**

**VERSUS**                                              **NO:   08-3945**

**ECKSTEIN MARINE SERVICE, INC. ET AL**                 **SECTION: "C" (1)**

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Partial Summary Judgment. (Rec. Doc. 123). Defendant, Eckstein Marine Service, Inc., ("Eckstein")[1], opposes the Motion. (Rec. Doc. 145). The Motion is before the Court on the briefs without oral argument. Having reviewed the record, memoranda of counsel, and the applicable law, the Motion is DENIED for the following reasons.

**I. Background**

The relevant facts of this dispute were previously described in this Court's Order and Reasons (Rec. Doc. 158). In support of its present motion, Plaintiff argues that Defendant, Eckstein, was solely responsible for the PAT MCDANIEL's collision with the dredge tender NICHOLAS and requests summary judgment on the issue of liability for that collision. (Rec. Doc. 123-1). Eckstein argues that there are several disputed issues of fact regarding the cause of the collision at issue, all of which require a trial. (Rec. Doc. 145).

**II. Summary Judgment Standard**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could

---

[1] Now known as Marquette Transportation Gulf-Inland, LLC.

return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994).

**III. Analysis**

Plaintiff argues that Stephen W. Williamson, the captain of the PAT MCDANIEL, was negligent in navigating his ship into a dangerous intersection in the Gulf Intercoastal Waterway ("GIWW") at highspeed and without a posted lookout. (Rec. Doc. 123-1 at 9-11). Plaintiff further argues that Williamson is solely responsible for the collision since Plaintiff's dredge was outside the navigable channel and stationary at the time of collision. *Id.*

Eckstein submits that Plaintiff caused the collision by electing to repair its dredge in a dangerous intersection of the GIWW despite suffering three collisions in three days, the most recent

collision only hours before the collision in dispute. (Rec. Doc. 145 at 4). Eckstein points out that the Plaintiff's picket boat was not working at the time of the collision, which is significant because the U.S. Coast Guard and Army Corps of Engineers had found that the Plaintiff's dredge created an obstruction to navigation when the picket boat was not working. *Id.* at 6. Thus, Plaintiff caused the collision by being an obstruction to navigation and by failing to warn Williamson of the hazard that its dredge presented while being repaired. *Id.*

Eckstein further submits that Plaintiff was negligent in not providing an adequate picket boat as required by Plaintiff's contract with the Army Corp of Engineers. *Id.* For instance, Eckstein argues that Plaintiff's picket boat was undermanned, underpowered and insufficiently instructed as to what its responsibilities were as a picket boat. *Id. at 7-8.* As a result, Plaintiff's picket boat refused to assist boats in passing the dredge and was therefore a cause of the collision in dispute. *Id.* Finally, Eckstein argues that by electing to keep its dredge stationary in a dangerous intersection, Plaintiff's dredge created unusual eddies in the intersection, which were a cause of the collision in dispute. *Id.* at 9.

The Court finds that Eckstein's arguments and evidence establish genuine issues of material fact that require a trial on the question of liability.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment (Rec. Doc. 123) is DENIED.

New Orleans, Louisiana, this 29th day of September, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**