UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MIKE HOOKS DREDGING CO., INC.**　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO:　08-3945**

**ECKSTEIN MARINE SERVICE, INC. ET AL**　　**SECTION: "C" (1)**

**ORDER AND REASONS**

Before the Court is Defendant, Eckstein Marine Service, Inc.'s, Motion to Strike and, Alternatively to Exclude Evidence Based on Discovery Abuses. (Rec. Doc. 173). Plaintiff opposes the Motion. (Rec. Doc. 188). The motion is before the Court on the briefs without oral argument. Having reviewed the record, memoranda of counsel, and the applicable law, the motion is GRANTED IN PART and DENIED IN PART for the following reasons.

**I. BACKGROUND**

The relevant facts of this dispute were previously described in this Court's Order and Reasons. (Rec. Doc. 158). In support of its present motion, Defendant argues that Plaintiff has failed to produce a corporate representative to testify in response to a 30(b)(6) notice of deposition issued on August 27, 2010. (Rec. Doc. 173 at 1). Defendant alleges that the deposition was delayed for months because of scheduling conflicts, then was further delayed because of the pregnancy of Ashley Kerns, one of Plaintiff's vice-presidents. *Id.* Defendant alleges that Plaintiff "improperly delayed the deposition because of a pregnancy." *Id* at 2. Finally, Defendant asserts that once Mrs. Kerns was presented for deposition as Plaintiff's 30(b)(6) designee, she was only designated to address 17 of the 40 areas of inquiry listed in the notice of deposition and was unable to answer questions regarding several areas that she was designated to address. *Id.* at 1. While a further deposition was scheduled to cover the remaining areas of inquiry, Defendant maintains that Plaintiff

attempted to cancel that deposition at the last minute and reschedule the deposition to a date after Defendant's expert report deadlines.  (Rec. Doc. 173-1 at 2).

As a result of these alleged failures to respond to the 30(b)(6) notice of deposition, Defendant argues that Plaintiff should be sanctioned under Rule 37(d) and prevented from presenting evidence relating to the 23 areas of inquiry it failed to produce a representative to address, as well as the areas that its designee was unable to address.  *Id.* at 3.

## II. LAW AND ANALYSIS

Rule 30(b)(6) allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination.  F. R. Civ. P.  30(b)(6).  Once the corporation is notified, it must designate one or more representatives to testify on its behalf.  *Id.* The designated individual must testify about information known or reasonably available to the organization.  *Id.*  Rule 30(b)(6) is designed "'to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself.'"  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2103, at 33 (2d ed.1994)).

As a result, once in receipt of a 30(b)(6) notice of deposition, a corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters."  *Id.* (internal quotations omitted) (alteration in original). "[T]he duty to present and prepare a Rule

30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Id.* (internal quotations omitted) (alteration in original). The deponent corporation must prepare its designated representative "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* "If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." *Id.*

The Court finds that Plaintiff has violated Rule 30(b)(6). Plaintiff had a duty to prepare its 30(b)(6) designee "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* Nevertheless, when Plaintiff finally presented its designee, Mrs. Kerns, she was unable to testify to issues that were within the corporate knowledge of Plaintiff. *See id.* (finding a violation of Rule 30(b)(6) when designee was unprepared to testify to issues within the corporate knowledge of the organization). Mrs. Kerns referenced relevant corporate documents that she had not reviewed. (Rec. Doc. 173-1 at 6-8; Rec. Doc 173-10 at 26-28).

Moreover, Plaintiff had a duty to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought." *Brazos River Authority*, 469 F.3d at 433. However, Mrs. Kerns frequently stated that she did not have personal knowledge of various facts, suggesting that other individuals were better suited to testify on those issues. (Rec. Doc. 173-1 at 6-8; Rec. Doc 173-10 at 26-28, 45-46)).

Finally, once it was in receipt of Defendant's notice of deposition, Plaintiff had a duty to designate individuals to address all of the areas of inquiry included in that notice of deposition. *See Brazos River Authority*, 469 F.3d at 433 (holding that corporation in receipt of a 30(b)(6) notice of deposition has duty to designate and prepare individuals so they "can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters"). Plaintiff only designated

Mrs. Kerns to testify regarding 17 of the 40 areas of inquiry included in Defendant's 30(b)(6) notice of deposition and has failed to explain the delay in designating another individual to testify to the remaining areas of inquiry. Although Mrs. Kerns' pregnancy did justify the delay in taking her deposition, her pregnancy did not justify Plaintiff's failure to designate someone to address the 23 areas of inquiry outside Mrs. Kerns' designation, nor Plaintiff's failure to properly prepare Mrs. Kerns once she was able to testify.

Although the Court finds that Plaintiff has violated Rule 30(b)(6), the Court also finds the majority of Defendant's requested relief too severe under the circumstances. As previously mentioned, the delay in Mrs. Kern's deposition was justified by her pregnancy. Furthermore, much of the delay in obtaining Plaintiff's 30(b)(6) deposition can be attributed to normal scheduling conflicts, which if resolved earlier would probably have avoided this dispute entirely. The Court notes that this case is three years old and Defendant has had ample time to obtain discovery. Any issues regarding discovery should have been and could have been raised much earlier before the magistrate judge. Finally, even though Mrs. Kerns was not adequately prepared to testify to some areas of inquiry, she was prepared to answer most of the areas she was designated to address. However, because of Plaintiff's violation of Rule 30(b)(6), the Court will award Defendant costs and fees incurred in deposing Mrs. Kerns. *See* F. R. Civ. P. 37(d)(3) (awarding attorneys' fees and costs associated with failure of 30(b)(6) designee to appear at his or her deposition); *see also Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) (affirming an award of attorneys' fees and costs under Rule 37(d) based on the holding that when a corporation's 30(b)(6) designee appears for his or her deposition but "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.").

### III.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Strike and, Alternatively to Exclude Evidence Based on Discovery Abuses is GRANTED to the extent that Defendant, Eckstein Marine Service, Inc., is awarded costs and fees incurred in deposing Mrs. Kerns.  The motion is DENIED in all other respects.  (Rec. Doc. 173).

New Orleans, Louisiana, this 28th day of June, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**