UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MIKE HOOKS DREDGING CO., INC.                        CIVIL ACTION

VERSUS                                                NO: 08-3945-HGB-SS

ECKSTEIN MARINE SERVICE, INC., et al

## ORDER

ECKSTEIN'S MOTION TO COMPEL (Rec. doc. 231)

**GRANTED IN PART AND DENIED IN PART**

The background of the controversy may be found in the District Judge's order and reasons of September 27, 2010. Rec. doc. 158. As noted in that order, the collision at issue occurred on May 31, 2008. On that same day, Halverson, Hirschfield and Associates, Inc. ("H&H") went to the dredge and took 35 statements. H&H was acting at the request of the plaintiff, Mike Hooks Dredging Co., Inc. ("Hooks"). The defendant, Eckstein Marine Service, Inc. ("Eckstein"), seeks production of the statements and a June 2, 2008 report. Eckstein argues that Hooks waived its right to withhold the documents by claiming H&H's investigation expenses as damages and by failing to move to quash the subpoena prior to the return date. Eckstein contends that counsel for Hooks agreed to produce the report during a deposition, so it cannot be withheld.

Fed. R. Civ. P. 26(b)(3)(A) provides that a party may not discover documents that are prepared in anticipation of litigation by the representative of party. Even though the statements were taken on the date of the collision and the report was prepared within a few days of the collision, they were prepared in anticipation of litigation. It was not necessary for Hooks to retain counsel for the statements to be prepared in anticipation of litigation. These documents may be discovered if the party demonstrates that it has substantial need for the materials to prepare its case and cannot,

without undue hardship, obtain their substantial equivalent by other means. Rule 26(b)(3)(A)(ii).

In Southern Railway Company, v. Lanham, 403 F.2d 119 (5th Cir. 1968), the railroad's claim department conducted an investigation of a crossing accident and obtained statements from the train crew shortly after the accident. The statements were then incorporated into a report. The railroad resisted disclosure of the statements. It argued that depositions to be taken two years after the accident were a sufficient substitute. The Fifth Circuit said:

> [I]t is doubtful that appellees could presently obtain a full and accurate disclosure of the facts through depositions of the train crew. . . . [S]tatements taken from the witnesses shortly after the accident constitute unique catalysts in the search for truth in that they provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory. . . .

403 F.2d at p. 127-28 (Citations and quotation marks omitted). Production of the written statements of the crew was ordered. Id. at p. 131. Production was ordered of only the portions of investigation reports that contained the statements of witnesses and recitals of facts personally observed by the investigator. The portions of the reports containing opinions, theories or recommendations were not to be produced. Id. at p. 133. In Holton v. S&W Marin, Inc., 2000 WL 1693667 (E.D.La.) (Fallon, J.), a defendant was ordered to produce to plaintiff the statement of a witness that was taken about a month after the incident. The witness was available for his deposition about nine months after the incident. The court determined that the defendants failed to prove the statement was prepared in anticipation of litigation. Even if the statement was work product, the court found that the statement would be producible based on Southern Railway Company, v. Lanham. Id. at *4.

Hooks will be required to produce transcripts of the statements. It will be required to produce the portions of the June 2, 2008 report that contain the statements of witnesses and recitals of facts personally observed by the investigator. The portions of the report containing opinions, theories or recommendations may be redacted from the report.

1. **Within fourteen (14) calendar days of the entry of this order**, Hooks shall produce transcripts of the statements taken by H&H on May 31, 2011 and the redacted June 2, 2008 report.

2. **Within fourteen (14) calendar days of the entry of this order**, Hooks shall produce the entire June 2, 2008 report for *in camera* inspection and the redacted report so that the Court can confirm that only the portions of the report containing opinions, theories or recommendations were redacted.

IT IS ORDERED that the motion of the defendant, Eckstein Marine Services, Inc. ("Eckstein"), to compel production of documents from Mike Hooks Dredging Co., Inc. ("Hooks") (Rec. doc. 231) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 5 day of July, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**