UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MIKE HOOKS DREDGING CO., INC.**                          **CIVIL ACTION**

**VERSUS**                                                                    **NO: 08-3945**

**ECKSTEIN MARINE SERVICE, INC. ET AL.**          **SECTION: "C" (1)**

**ORDER AND REASONS**[1]

Before the Court is Defendant Eckstein Marine Service, Inc.'s ("Eckstein") unopposed[2] Motion for Rule 54 Judgment and Award of Attorney's Fees and Costs.  (Rec. Doc. 255). Having reviewed the record, motion of counsel, and the applicable law, the motion is DENIED for the following reasons.

On June 28, 2011, this Court issued an order pursuant to Federal Rules of Civil Procedure 30(b)(6) and 37(d)(3), awarding Eckstein costs and fees that it incurred in deposing Ashley Kerns, one of Plaintiff Mike Hooks Dredging Co., Inc.'s ("Hooks") vice-presidents. (Rec. Doc. 249).  Eckstein now moves under Rule 54 for a final judgment and attorney's fees pertaining thereto. (Rec. Doc. 255-1 at 3-4); *see* (Rec. Doc. 255-2) (enumerating discovery costs and attorney's fees relating to motion for sanctions).  In support of its Rule 54 motion, Eckstein primarily argues that a final judgment and additional costs and fees are needed to deter Hooks from future discovery abuses. (Rec. doc. 255-1 at 4).

This Court finds Eckstein's argument unpersuasive.  Rule 54(b) permits the Court to direct entry of a final judgment on fewer than all claims or parties when it determines that there

---
[1] Sami Dudar, a third-year law student at the University of Georgia School of Law, assisted in the drafting of this order.

[2] Although this motion is unopposed, the consent of the parties is not determinative of whether the Court should exercise its discretion to enter a Rule 54(b) judgment.  James Wm. Moore, 10 *Moore's Federal Practice* § 54.23 (2001).

1

is "no just reason for delay," taking "into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 8 (1980). The existence of multiple outstanding issues yet unresolved in this case counsels against a final judgment in light of "'the historic federal policy against piecemeal appeals.'" *Id.* at 8 (quoting *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). Furthermore, because this Court has already determined that a judgment of costs and fees entered in favor of Eckstein would serve as an adequate sanction, Rec. Doc. 249, sufficient deterrence already protects Eckstein against future discovery abuses.

Accordingly, IT IS ORDERED that Defendant's Motion for Rule 54 Judgment and Award of Attorney's Fees and Costs, Rec. Doc. 255, is DENIED.

New Orleans, Louisiana, this 29th day of July, 2011.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE