UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MIKE HOOKS DREDGING CO., INC,**                                **CIVIL ACTION**

**VERSUS**                                                        **NO. 08-03945**

**ECKSTEIN MARINE SERVICE, INC.,**                                **SECTION "C" (1)**
*in personam,* **M/V PAT MCDANIEL**, *in rem,*
**MEMCO BARGE LINE, LLC**, *in personam,*
**INGRAM BARGE CO.**, *in personam*,
**BARGE SARAH E 203**, *in rem*, **BARGE LTD
113B**, *in rem,* **BARGE IB 1010**, *in rem,*
**BARGE IB 981**, *in rem*, **BARGE MEM 2160**,
*in rem*, and **BARGE MBL 971**, *in rem*

**ORDER AND REASONS**[1]

Before this Court is Defendant Eckstein Marine Service, Inc.'s ("Eckstein") Motion *In Limine* to Strike Supplemental and Reply Expert Reports and to Exclude Opinion Testimony. (Rec. Doc. 250). Plaintiff, Mike Hooks Dredging Co., Inc. ("Hooks") opposes this Motion. (Rec. Doc. 254). After reviewing Defendant's Motion, the parties' memoranda, and applicable law, this Court **DENIES** Defendant's Motion for the following reasons.

**I. BACKGROUND**

This lawsuit arises out of a multi-vessel allision that occurred between May 29 and 31, 2008, when vessels owned by Defendant attempted to pass and allided with the dredge "Mike Hooks," owned by the Plaintiff. (Rec. Docs. 250-1 at 2; 254 at 2). Hooks filed its complaint on July 16,

---

[1] Max Weiss, a second-year student at Tulane University Law School, assisted in preparing this Order.

1

2008. (Rec. Doc. 1). On November 4, 2010, pursuant to Federal Rule of Civil Procedure 16, this Court entered a scheduling order, which provided, *inter alia*, that:

> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matter about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in event no later than Wednesday, April 13, 2011.
> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matter about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in event no later than Friday, May 13, 2011.

(Rec. Doc. 170 at 2). The same order required that "[a]ll pretrial motions, including . . . *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than Wednesday, June 8, 2011," and that " . . . all discovery shall be completed not [sic] later than Monday, June 13, 2011." *Id.* at 1.

By April 13, 2011, Hooks submitted the reports of its expert marine surveyors, Spencer Rhoden ("Rhoden") and Tim Anselmi ("Anselmi"). (Rec. Docs. 250-5; 250-6). In these reports, damages or potential damages to the dredge were attributed to the allision that occurred when Eckstein's vessels struck the dredge. (Rec. Docs. 250-5; 250-6). By May 13, 2011, Eckstein submitted the report of its expert surveyor, Fred Budwine ("Budwine"), who opined that the dredge's dangerous positioning contributed to the allisions, and alleged numerous shortcomings in the documentation of damage expenses by Hook and its experts. On June 8, 2011, Eckstein received from Hooks a supplemental file to Rhoden's initial report consisting of roughly forty pages of documents, mostly invoices, not included in Rhoden's original submission.[2] (Rec. Doc. 250-2).

---

[2] The cover letter of this submission reads: "Enclosed herewith are copies of Spencer Rhoden's file in connection this matter. Please allow this production to serve as a supplement to Spencer Rhoden's earlier expert report." (Rec. Doc. 250-2 at 1).

2

On June 13, 2011, Eckstein received from Hooks two reply expert reports of Rhoden and Anselmi. (Rec. Docs. 250-3; 250-4).

Eckstein claims that Rhoden and Anselmi's supplemental and reply reports are untimely because "the invoices relied on by each surveyor proves Hooks had all of the information contained in each Reply over three years ago but chose not to include it in their designations as mandated by the Court's Scheduling Order," which set the plaintiff's expert report deadline of April 13, 2011. (Rec. Docs. 250-1 at 1; 170 at 2). Eckstein further claims that the submission of the supplemental and reply reports is merely an attempt to remedy the deficient initial reports and "an obvious attempt to rely on the documents to prove damages at trial through new opinions, contrary to Federal Rules of Civil Procedure ("FRCP") 26(a)(2) and 37, and this Court's Scheduling Order." (Rec. Docs. 250-1 at 2; 170 at 2). Additionally, Eckstein claims that the documents in Rhoden's file imply that Hooks will attempt to rely on the testimony of its operations manager, Arthur Sonnier, to prove damages, and that "Sonnier lacks the personal knowledge under Federal Rules of Evidence ("FRE") 602 and 701 to testify on what caused specific damages and is not qualified as a[n expert] surveyor to express such an opinion under FRE 702. (Rec. Doc. 250-1 at 2).

In response, Hooks claims that the supplemental and reply reports do not raise new issues, but rather, are a rebuttal to what they view as a flawed, inaccurate report by Budwine. (Rec. Doc. 254 at 4, 8). As additional time is allowed for supplementing disclosures and rebutting evidence under FRCP 26(a), Hooks claims that its supplemental and reply reports are timely and should not be excluded. *Id.* at 4-8. Furthermore, Hooks claims that Sonnier is not testifying as an expert witness, but rather, as a lay witness, who's opinions and inferences as such are permitted under FRE 701 and thus should not be excluded. *Id.* at 2-3.

## II. LAW & ANALYSIS

*A. Exclusion of Supplemental and Reply Expert Reports*

Both the Court's November 4, 2010 scheduling order and FRCP 26(a)(2)(B) require timely production of expert reports. (Rec. Doc. 170 at 2); *Van Baelen v. Sabine Transp. Co.*, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.). A district court has the discretion to exclude expert testimony and evidence if a party does not produce expert reports within the appropriate deadlines. Fed. R. Civ. P. 37(c)(1); *Sierra Club v. Cedar Point Oil Co., Inc.,* 73 F.3d 546, 572 (5th Cir. 1996). Under FRCP 26(a)(D)(ii):

> A party must make [the] disclosures [of the content of an expert's written report] at the time and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . [i]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) within 30 days after the other party's disclosure.

Rule 26(e)(1)(A) provides that:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during this discovery process . . .

"While Rule 26(e) does create a duty to supplement, a party cannot use that provision to circumvent deadlines imposed by Rule 26(a) or a court's scheduling order." *Van Baelen*, 2001 WL 474273, at *2. As the Fifth Circuit stated in *Sierra Club v. Cedar Point Oil Co., Inc.,*:

> [T]he discovery order and Rule 26(a) clearly require that the initial disclosures be complete and detailed. The purpose of rebuttal and supplementary disclosures is just that– to rebut and supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.

73 F.3d at 572.

A comparison between Rhoden and Anselmi's initial reports and their supplemental and

4

reply reports shows that the latter better articulate and offer more justification for their expert opinions, and indeed contain some new information. (Rec Docs. 1-5). While the initial reports may appear anemic in light of the concerns articulated in *Sierra Club*, the supplemental and reply reports cannot be characterized as providing the "lion's share" of their opinions. *Sierra Club,* 73 F.3d at 372. Additionally, the supplemental and reply reports cannot be said to raise new issues or cover "wholly uncharted territory." *Van Baelen*, 2001 WL 474273, at *2. For example, Eckstein claims that "Hooks . . . failed to produce key portion of Rhoden's file that discussed damages to the dredge spuds during its initial designation on April 13, 2011," and that Hooks provided these documents for the first time on June 8, 2011. (Rec. Doc. 250-1 at 5). Although it could be reasonably inferred that a delay in receiving such information contained in the June 8 and 10, 2011 submissions would somehow prejudice Eckstein's trial preparation, Eckstein has not made such a showing. That Hooks would discuss spud damages in its later submissions should not come as a surprise, and it does not appear that these submissions contain any "shocking revelations" to the extent that Eckstein "cannot adequately prepare to defend against [Rhoden and Anselmi's] opinions before trial." *Van Baelen*, 2001 WL 474273, at *3.

Indeed, trial is scheduled for August 22, 2011, and thus Eckstein will have had over two months from the time of Rhoden and Anselmi's submitted their supplemental and reply report to prepare a defense to their opinions. If Eckstein can show that "its trial preparation has been materially impeded or that [it] has been forced to incur unreasonable expenses because of the delay," this Court may be willing to revisit and reconsider this issue. *Id.* Accordingly, Eckstein's Motion *In Limine* to Strike Supplemental and Reply Expert Reports of Surveyors Rick Rhoden and Timothy Anselmi is DENIED. (Rec. Doc. 250).

5

*B. Exclusion of Opinion Testimony of Arthur Sonnier*

Eckstein claims that Sonnier in not qualified and lacks firsthand knowledge to offer opinion testimony of what collision caused damage under the FRE. (Rec. Doc. 250-1 at 11). Rule 602 of the FRE provides that "[a] witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter," proof of which may be demonstrated by the witness' own testimony. Fed. R. Evid. 602. Rules 702 and 703 govern testimony by expert witnesses. Rule 701, which governs opinion testimony by lay witnesses provides:

> If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions and inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Hooks claims that it intends to call Sonnier not as an expert, but rather, as a lay and fact witness "to testify as to the day-to-day operations of [Hooks] and his personal observations of the location of the damages to the dredge." (Rec. Doc. 254 at 2). Hooks alleges that Sonnier personally observed the physical location if the damages to the spuds. *Id.* at 3. Testimony from lay witnesses regarding their observations of an event or physical object or area can be "relevant, material, and quite probative." *Young v. Ill. Cent. Gulf R.R. Co.,* 618 F.2d 332, 337 (5th Cir. 1980). "While it is true that Rule 701 of the [FRE] limits opinion testimony by lay witnesses, that rule allows such testimony when it is '(a) rationally based on the perception of the witness and (b) helps to a clear understanding of the witness' testimony or the determination of a fact in issue.'" *Id.* (citing Fed. R. Evid. 701). At trial, this Court is capable, as Hooks correctly argues, of differentiating between

whether Sonnier is testifying as an expert, basing his opinions on "scientific, technical, or other specialized knowledge within the scope of Rule 702," or merely offering lay testimony that is rationally based on his perceptions and personal observations of the location of the spud damage and the damage to the dredge.  Fed. R. Evid.  701, 702; (Rec. Doc. 254 at 3).  Therefore, Eckstein's Motion *In Limine* to Exclude Opinion Testimony of Arthur Sonnier is DENIED.  (Rec. Doc. 250).

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Eckstein's Motion *In Limine* to Strike Supplemental and Reply Expert Reports and to Exclude Opinion Testimony is DENIED.  (Rec. Doc. 250).

New Orleans, Louisiana, this 1st day of August, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**